UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SHEILA TAYLOR,<br>**Plaintiff** | CIVIL ACTION |
| VERSUS | NO. 24-1636 |
| WALMART INC.,<br>**Defendant** | SECTION: "E"(2) |

## ORDER AND REASONS

Before the Court is a motion for summary judgment filed by Defendant Walmart Inc. ("Defendant").[1] The motion was filed on April 25, 2025[2] and set for submission on May 21, 2025.[3] However, the Court's amended scheduling order set May 2, 2025 as the deadline for responses to non-evidentiary pretrial motions, like Defendant's motion for summary judgment.[4] The Plaintiff failed to timely file an opposition to the motion. On May 5, 2025, the Court emailed all counsel that, "[i]f Plaintiff wishes to oppose Defendant's motion for summary judgment (R. Doc. 22), Plaintiff must submit an opposition by **Wednesday, May 7, 2025, at 5:00 p.m.**" To date, no opposition to the motion has been filed and Plaintiff Sheila Taylor ("Plaintiff") has failed to timely move the Court to extend her deadline to file an opposition.[5] Defendant's motion for summary judgment is, therefore, unopposed. Although this dispositive motion is unopposed, summary judgment is not automatic, and the Court must determine whether Defendant is entitled to judgment as a matter of law.[6]

---

[1] R. Doc. 22.
[2] *Id.*
[3] R. Doc. 22-12.
[4] R. Doc. 18 at p. 2.
[5] The Court **DENIES** Plaintiff's unopposed motion to extend scheduling order deadline to file an opposition to motion for summary judgment, filed today, as untimely. R. Doc. 26.
[6] *See, e.g*, *Johnson v. Pettiford*, 442 F.3d 917, 918 (5th Cir. 2006); Fed. R. Civ. P. 56(a).

1

## **BACKGROUND**

Plaintiff allegedly suffered injury as a result of a slip and fall that occurred at a Walmart Supercenter located at 5110 Jefferson Highway in Harahan, Louisiana, on October 27, 2022.[7] On October 27, 2023, Plaintiff filed suit against Defendant in the 24th Judicial District Court for the Parish of Jefferson.[8] Plaintiff alleges she "tripped and fell backward over a bag of charcoal left unattended on the floor."[9] Plaintiff alleges that Defendant, "through its employees, knew or should have known about the" unattended bag of charcoal on the floor, which Plaintiff refers to as a "defective condition."[10] Plaintiff alleges she "sustained serious, recurring personal injuries and incurred medical expenses" as a result of her alleged slip and fall.[11] Plaintiff's sole cause of action is negligence.[12] On June 27, 2024, Defendant removed this suit to this Court.[13] On April 25, 2025, Defendant filed the instant motion for summary judgment, arguing there is no evidence in the record to support essential elements of Plaintiff's claim against it.[14]

## **LEGAL STANDARD**

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[15] "An issue is material if its resolution could affect the outcome of the action."[16] When assessing whether a material factual dispute exists, the Court considers "all of the evidence in the record but refrain[s] from making credibility determinations or weighing

---

[7] R. Doc. 22-4
[8] *Id.*
[9] *Id.* at ¶ 3.
[10] *Id.* at ¶¶ 5, 8.
[11] *Id.* at ¶ 4.
[12] *Id.* at ¶ 11.
[13] R. Doc. 1.
[14] R. Doc. 22; R. Doc. 22-1.
[15] FED. R. CIV. P. 56; *see also Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986).
[16] *DIRECTV Inc. v. Robson,* 420 F.3d 532, 536 (5th Cir. 2005).

the evidence."[17] All reasonable inferences are drawn in favor of the nonmoving party.[18] There is no genuine issue of material fact if, even viewing the evidence in the light most favorable to the nonmoving party, no reasonable trier of fact could find for the nonmoving party, thus entitling the moving party to judgment as a matter of law.[19]

If the dispositive issue is one for which the moving party will bear the burden of persuasion at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'"[20] If the moving party fails to carry this burden, the motion must be denied. If the moving party successfully carries this burden, the burden of production then shifts to the nonmoving party to direct the Court's attention to something in the pleadings or other evidence in the record setting forth specific facts sufficient to establish that a genuine issue of material fact does indeed exist.[21]

On the other hand, if the dispositive issue is one on which the nonmoving party will bear the burden of persuasion at trial, the moving party may satisfy its burden of production by either (1) submitting affirmative evidence that negates an essential element of the nonmovant's claim, or (2) demonstrating there is no evidence in the record to establish an essential element of the nonmovant's claim.[22] When proceeding under the

---

[17] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008); *see also Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150-51 (2000).
[18] *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).
[19] *Smith v. Amedisys, Inc.*, 298 F.3d 434, 440 (5th Cir. 2002).
[20] *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263-64 (5th Cir. 1991) (quoting *Golden Rule Ins. Co. v. Lease*, 755 F. Supp. 948, 951 (D. Colo. 1991)).
[21] *Celotex*, 477 U.S. at 322-24.
[22] *Id.* at 331-32 (Brennan, J., dissenting); *see also St. Amant v. Benoit*, 806 F.2d 1294, 1297 (5th Cir. 1987) (citing Justice Brennan's statement of the summary judgment standard in *Celotex*, 477 U.S. at 322-24, and requiring the Movers to submit affirmative evidence to negate an essential element of the nonmovant's claim or, alternatively, demonstrate the nonmovant's evidence is insufficient to establish an essential element); *Fano v. O'Neill*, 806 F.2d 1262, 1266 (5th Cir. 1987) (citing Justice Brennan's dissent in *Celotex*, and requiring the movant to make an affirmative presentation to negate the nonmovant's claims on summary judgment); 10A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2727.1 (2016) ("Although the Court issued a five-to-four decision, the majority and

first option, if the nonmoving party cannot muster sufficient evidence to dispute the movant's contention that there are no disputed facts, a trial would be useless, and the moving party is entitled to summary judgment as a matter of law.[23] When, however, the movant is proceeding under the second option and is seeking summary judgment on the ground that the nonmovant has no evidence to establish an essential element of the claim, the nonmoving party may defeat a motion for summary judgment by "calling the Court's attention to supporting evidence already in the record that was overlooked or ignored by the moving party."[24] Under either scenario, the burden then shifts back to the movant to demonstrate the inadequacy of the evidence relied upon by the nonmovant.[25] If the movant meets this burden, "the burden of production shifts [back again] to the nonmoving party, who must either (1) rehabilitate the evidence attacked in the moving party's papers, (2) produce additional evidence showing the existence of a genuine issue for trial as provided in Rule 56(e), or (3) submit an affidavit explaining why further discovery is necessary as provided in Rule 56(f)."[26] "Summary judgment should be granted if the nonmoving party fails to respond in one or more of these ways, or if, after the nonmoving party responds, the court determines that the moving party has met its ultimate burden of persuading the court that there is no genuine issue of material fact for trial."[27]

Still, "unsubstantiated assertions are not competent summary judgment evidence. The party opposing summary judgment is required to identify specific evidence in the

---

dissent both agreed as to how the summary-judgment burden of proof operates; they disagreed as to how the standard was applied to the facts of the case." (internal citations omitted)).
[23] *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288-89 (1980); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986).
[24] *Celotex*, 477 U.S. at 332-33.
[25] *Id.*
[26] *Id.* at 332-33 & n.3.
[27] *Id.*; *see also First Nat'l Bank of Ariz.*, 391 U.S. at 289.

record and to articulate the precise manner in which that evidence supports the claim. 'Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment.'"[28]

## UNDISPUTED MATERIAL FACTS

Because Defendant's motion for summary judgment is unopposed, the Court considers the statements of uncontested facts[29] to be admitted pursuant to Eastern District of Louisiana Local Rule 56.2.[30] "Plaintiff alleges that she tripped over a bag of charcoal at Walmart on October 27, 2022."[31] Plaintiff's incident occurred at a Walmart store in Harahan, Louisiana.[32] At the time of Plaintiff's incident, Plaintiff was with her co-worker, Virginia Neil Isaacs ("Ms. Isaacs").[33] Plaintiff's "incident occurred in the charcoal area."[34] Plaintiff alleges that she reached up for a bag of charcoal and then tripped backward on a bag of charcoal on the floor.[35] "Plaintiff does not know who put the bag of charcoal on the floor."[36] Plaintiff does not know whether or not a Walmart employee put the bag of charcoal on the floor.[37] "Plaintiff does not know how long the bag of charcoal had been on the floor before her incident."[38] Plaintiff cannot remember whether or not a Walmart employee knew that the bag of charcoal was on the floor prior to her incident.[39]

---

[28] *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (first citing *Celotex*, 477 U.S. at 324; then *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994); then quoting *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 & n.7 (5th Cir. 1992)).
[29] R. Doc. 22-11.
[30] "All material facts in the moving party's statement will be deemed admitted, for purposes of the motion, unless controverted in the opponent's statement." L.R. 56.2.
[31] R. Doc. 22-11 at ¶ 1 (citing R. Doc. 22-4).
[32] *Id.* at ¶ 2 (citing R. Doc. 22-5 at pp. 38-39).
[33] *Id.* at ¶ 3 (citing R. Doc. 22-6 at p. 31).
[34] *Id.* at ¶ 4 (citing R. Doc. 22-5 at p. 44).
[35] *Id.* at ¶ 5 (citing R. Doc. 22-5 at pp. 45-46).
[36] *Id.* at ¶ 6 (citing R. Doc. 22-5 at p. 59).
[37] *Id.* at ¶ 7 (citing R. Doc. 22-5 at p. 67).
[38] *Id.* at ¶ 8 (citing R. Doc. 22-5 at p. 60).
[39] *Id.* at ¶ 9 (citing R. Doc. 22-5 at p. 60).

Plaintiff did not hear a Walmart employee state that the store had received reported complaints about bags of charcoal before her incident.[40]

Ms. Isaacs does not have evidence that a Walmart employee left the charcoal bags on the floor.[41] "Ms. Isaacs does not know how long the bags had been on the floor prior to Plaintiff's incident."[42] Ms. Isaacs does not know if a Walmart employee knew the charcoal bags that Plaintiff tripped over were on the floor before Plaintiff's fall.[43] No Walmart employee indicated to Ms. Isaacs that Walmart was aware of the charcoal bags Plaintiff tripped over before Plaintiff's incident.[44]

At the time of Plaintiff's incident, two men were in the "incident area."[45] Neither of these two men claimed to be a Walmart employee or stated that he knew the charcoal bags were on the floor before Plaintiff's incident.[46] The two men were not wearing blue vests, blue tops, or blue shirts.[47] The two men near Plaintiff at the time of her fall were bike assemblers for M&C Assemblies, Inc., a third-party supplier and vendor that is an independent contractor for Walmart, not Walmart employees.[48]

Leah Revies ("Ms. Revies") is a "Store Lead" at the Walmart in Harahan where Plaintiff's incident occurred.[49] Ms. Revies investigated Plaintiff's incident.[50] "Ms. Revies does not know if any Walmart employees were aware of the bags of merchandise at issue on the floor before Plaintiff's incident."[51] Ms. Revies has no indication or evidence "that

---

[40] *Id.* at ¶ 10 (citing R. Doc. 22-5 at p. 67).
[41] *Id.* at ¶ 11 (citing R. Doc. 22-6 at pp. 60-61).
[42] *Id.* at ¶ 12 (citing R. Doc. 22-6 at p. 61).
[43] *Id.* at ¶ 13 (citing R. Doc. 22-6 at p. 61).
[44] *Id.* at ¶ 14 (citing R. Doc. 22-6 at pp. 66-68).
[45] *Id.* at ¶ 15 (citing R. Doc. 22-6 at p. 59).
[46] *Id.* at ¶ 16 (citing R. Doc. 22-6 at pp. 94, 97).
[47] *Id.* at ¶ 17 (first citing R. Doc. 22-7; then R. Doc. 22-8).
[48] *Id.* at ¶¶ 18-20 (citing R. Doc. 22-8).
[49] *Id.* at ¶ 21 (citing R. Doc. 22-10 at p. 10).
[50] *Id.* at ¶ 21 (citing R. Doc. 22-10 at p. 10).
[51] *Id.* at ¶ 22 (citing R. Doc. 22-10 at pp. 30-31, 66).

Walmart employees walked past the bags of merchandise on the floor before Plaintiff's incident."[52] Ms. Revies has no knowledge whether a Walmart employee or a Walmart customer "left the bags of merchandise on the floor that were allegedly involved in Plaintiff's fall."[53]

## **LAW AND ANALYSIS**

At the outset, because the parties invoke this Court's subject matter jurisdiction on the basis of the existence of diversity of citizenship between the parties,[54] the Court must determine whether to apply state or federal law. "Where federal jurisdiction, as here, is based on diversity, [the Court] applies the substantive law of the forum state—[Louisiana]."[55] Under Louisiana law, "[a] merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous condition which reasonably might give rise to damage."[56] A plaintiff in a slip and fall action has the burden of proving the following:

> (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
>
> (2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
>
> (3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.[57]

The statute includes the following definitional provisions:

---

[52] *Id.* at ¶ 23 (citing R. Doc. 22-10 at p. 73).
[53] *Id.* at ¶ 24 (citing R. Doc. 22-10 at pp. 66-67).
[54] R. Doc. 1.
[55] *Pearson v. BP Products North America, Inc.*, 449 Fed. App'x 389, 390 (5th Cir. 2011).
[56] La. R.S. 9:2800.6.
[57] *Id.*

    (1) "Constructive notice" means the claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care. The presence of an employee of the merchant in the vicinity in which the condition exists does not, alone, constitute constructive notice, unless it is shown that the employee knew, or in the exercise of reasonable care should have known, of the condition.

    (2) "Merchant" means one whose business is to sell goods, foods, wares, or merchandise at a fixed place of business.[58]

Defendant points to the statute's second element, which requires Plaintiff to offer evidence demonstrating either that Defendant created the hazard, or that it had actual or constructive notice that there was a bag of charcoal on the floor.[59] Defendant avers that Plaintiff has no evidence of what caused a bag of charcoal to be placed on the floor, nor does she offer any evidence substantiating her assertion that Defendant knew or should have known there was a charcoal bag on the floor.

The Court must determine whether Defendant is entitled to judgment as a matter of law. At trial, Plaintiff will bear the burden of proving that: (1) the charcoal bag being left on the floor presented an unreasonable risk of harm; (2) Defendant either created that risk of harm, or had constructive knowledge thereof prior to Plaintiff's accident; and (3) Defendant failed to exercise reasonable care.[60] To prevail on summary judgment, however, it is Defendant's burden to either (1) submit affirmative evidence that negates an essential element of Plaintiff's claim against it, or (2) affirmatively demonstrate that there is no evidence in the record to establish an essential element of Plaintiff's claim against Defendant.[61] Defendant has chosen the second alternative.

---

[58] *Id.*
[59] R. Doc. 22-1.
[60] La. R.S. 9:2800.6.
[61] *Celotex*, 477 U.S. at 331-32 (Brennan, J., dissenting).

Defendant argues it has met its summary judgment burden, as Plaintiff has failed to offer any evidence Defendant created the hazard, nor has she offered any evidence that Defendant had actual or constructive knowledge of the presence of the charcoal bag.[62] To establish the lack of record evidence supporting Plaintiff's claim against it, Defendant relies on the depositions of Plaintiff, Ms. Isaacs, and Ms. Revies.

First, Defendant argues Plaintiff cannot meet her burden of proving that Walmart caused the charcoal bags to be on the floor because "Plaintiff cannot come forward with any positive, non-speculative evidence showing that it was a Walmart employee, rather than a Walmart customer, who caused the bags of charcoal to be on the floor."[63] Indeed, neither Plaintiff nor Ms. Revies know who put the bags of charcoal on the floor.[64] Ms. Isaacs testified that she "assume[s]" a Walmart employee "caused" the charcoal bags to be on the floor, but lacks "any evidence" to support this assumption.[65] At best, Ms. Isaacs testimony is speculative as to whether Defendant caused the charcoal bags to be on the floor. "However, speculation alone 'falls far short of the factual support required to establish that plaintiff will be able to satisfy his evidentiary burden of proof at trial.'"[66] Thus, Defendant argues Plaintiff cannot come forward with evidence proving that Defendant caused the condition that damaged Plaintiff.

Next, Defendant argues Plaintiff cannot meet her burden of proving that Defendant had actual notice that the charcoal bags were on the floor prior to Plaintiff's incident.[67] Plaintiff, Ms. Revies, and Ms. Isaacs all had no knowledge whether an

---

[62] R. Doc. 22-1.
[63] *Id.* at pp. 6-8.
[64] R. Doc. 22-11 at ¶¶ 6-7, 24 (first citing R. Doc. 22-5 at pp. 59, 67; then R. Doc. 22-10 at pp. 66-67).
[65] R. Doc. 22-11 at ¶ 11 (citing R. Doc. 22-6 at pp. 60-61); R. Doc. 22-6 at pp. 60-61.
[66] *Fraise v. Wal-Mart La. LLC*, 231 Fed. App'x 331, 333 (5th Cir. 2007) (citing *Babin v. Winn-Dixie La., Inc.*, 2000-0078 (La. 6/30/00), 764 So. 2d 37, 40).
[67] R. Doc. 22-1 at pp. 9-11.

employee of Defendant knew the charcoal bag was on the floor before Plaintiff's incident.[68] Thus, Defendant argues Plaintiff cannot come forward with evidence proving that Defendant had actual notice of the condition that damaged Plaintiff.

Third, Defendant argues Plaintiff cannot meet her burden of proving Defendant had constructive notice that the charcoal bags were on the floor prior to Plaintiff's incident.[69] Defendant points to *White v. Wal-Mart Stores, Inc.*[70] in support of its argument.[71] In *White*, the Louisiana Supreme Court discussed the concept of constructive notice under Louisiana Revised Statute 9:2800.6. The court explained that, when there is an absence of evidence indicating how the hazard was created, the statute requires a plaintiff to make a "positive showing" that the complained-of condition existed for some period of time prior to the fall and that such time period was sufficiently lengthy that a merchant should have discovered the condition.[72] The court continued:

> The statute does not allow for the inference of constructive notice absent some showing of this temporal element. The claimant must make a positive showing of the existence of the condition prior to the fall. A defendant merchant does not have to make a positive showing of the absence of the existence of the condition prior to the fall.[73]

"Though there is no bright line time period," the statute does not allow for the inference of constructive notice absent some positive showing of this temporal element.[74] If a plaintiff shows merely that the condition existed, without any additional showing that it existed for "some" period of time, she has not satisfied her burden of proving

---

[68] R. Doc. 22-11 at ¶¶ 9, 13, 22 (first citing R. Doc. 22-5 at p. 60; then R. Doc. 22-6 at p. 61; and then R. Doc. 22-10 at pp. 30-31, 66).
[69] R. Doc. 22-1 at pp. 11-16.
[70] 97-0393 (La. 9/9/97), 699 So. 2d 1081.
[71] R. Doc. 22-10 at pp. 11-12.
[72] 699 So. 2d at 1084.
[73] *Id.*
[74] *Id.*

10

constructive notice.[75] In this case, neither Plaintiff nor Ms. Isaacs know how long the charcoal bag was on the floor before Plaintiff tripped over it.[76] Thus, Defendant argues Plaintiff cannot come forward with evidence proving that Defendant had constructive notice of the condition that damaged Plaintiff.

Defendant has met its burden of affirmatively demonstrating that there is no evidence in the record to establish essential elements of Plaintiff's claim against Defendant—*i.e.*, that Defendant created the hazard, knew the charcoal bag was on the floor, or that the charcoal bag was on the floor for some period of time prior to the fall, and that such time period was sufficiently lengthy that Defendant should have discovered the condition.

Plaintiff, as the party opposing summary judgment, may defeat Defendant's motion for summary judgment by "calling the Court's attention to supporting evidence already in the record that was overlooked or ignored by the moving party."[77] Plaintiff must identify specific evidence in the record and articulate the precise manner in which that evidence supports her claim that Defendant is liable to her for her injuries. Because Plaintiff does not oppose Defendant's motion for summary judgment, Plaintiff has failed to call the Court's attention to supporting evidence already in the record to establish that Defendant created the hazard, or that the charcoal bag that allegedly caused her to slip was on the floor for some period of time prior to the fall, and that such time period was

---

[75] *Id.*
[76] R. Doc. 22-11 at ¶¶ 8, 12 (first citing R. Doc. 22-5 at p. 60; then R. Doc. 22-6 at p. 61).
[77] *Celotex*, 477 U.S. at 332-33. The burden would then shift back to the movant to demonstrate the inadequacy of the evidence relied upon by the non-movant. Once attacked, "the burden of production shifts to the nonmoving party, who must either (1) rehabilitate the evidence attacked in the moving party's papers, (2) produce additional evidence showing the existence of a genuine issue for trial as provided in Rule 56(e), or (3) submit an affidavit explaining why further discovery is necessary as provided in Rule 56(f)." *Id.* at 332-33, 333 n.3.

sufficiently lengthy that a merchant should have discovered the condition.[78] As a result, the Court will grant Defendant's motion for summary judgment.

## CONCLUSION

**IT IS ORDERED** that summary judgment is **GRANTED** in Defendant's favor against Plaintiff.[79]

**IT IS FURTHER ORDERED** that there be judgment in favor of Defendant Walmart Inc. and against Plaintiff Sheila Taylor.

**IT IS FURTHER ORDERED** that Plaintiff's unopposed motion to extend scheduling order deadline to file an opposition to motion for summary judgment is **DENIED**.[80]

**New Orleans, Louisiana, this 8th day of May, 2025.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[78] *See Davis v. Wal-Mart Louisiana, LLC*, No. 15-2012, 2016 WL 4077236 (W.D. La. July 29, 2016) (granting summary judgment after concluding there was an absence of any positive evidence indicating how the water the plaintiff slipped on was spilled onto the floor, or that the water was on the floor for such a period of time that Wal-Mart should have discovered its existence); *Babin v. Winn-Dixie of La., Inc.*, 2000-0078 (La. 6/30/00), 764 So. 2d 37 (granting summary judgment, noting that a plaintiff's speculation that the condition existed for some period of time was not a "positive showing" that it did in fact exist for some time prior to his fall); *see also Duncan v. Wal-Mart Louisiana, LLC*, 863 F.3d 406, 410 (5th Cir. 2017) (holding that without positive evidence that Wal-Mart created or had actual or constructive knowledge of the condition, she could not maintain her cause of action under La. R.S. 9:2800.6).
[79] R. Doc. 22.
[80] R. Doc. 26.