UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SHEILA TAYLOR,**<br>**Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **NO. 24-1636** |
| **WALMART INC.,**<br>**Defendant** | **SECTION: "E" (2)** |

## ORDER AND REASONS

Before the Court is Plaintiff Sheila Taylor's ("Plaintiff") Motion for Relief from Judgment.[1] The Court construes Plaintiff's motion as a motion to alter or amend the Court's judgment under Federal Rule of Civil Procedure 59(e).

## BACKGROUND

Plaintiff allegedly suffered injury as a result of a slip and fall that occurred at a Walmart Supercenter located at 5110 Jefferson Highway in Harahan, Louisiana, on October 27, 2022.[2] On October 27, 2023, Plaintiff filed suit against Defendant in the 24th Judicial District Court for the Parish of Jefferson.[3] Plaintiff alleges she "tripped and fell backward over a bag of charcoal left unattended on the floor."[4] Plaintiff alleges that Defendant, "through its employees, knew or should have known about the" unattended bag of charcoal on the floor, which Plaintiff refers to as a "defective condition."[5] Plaintiff alleges she "sustained serious, recurring personal injuries and incurred medical

---

[1] R. Doc. 30. Plaintiff need not produce a hard copy of her motion. *See* R. Doc. 31.
[2] R. Doc. 22-4
[3] *Id.*
[4] *Id.* at ¶ 3.
[5] *Id.* at ¶¶ 5, 8.

1

expenses" as a result of her alleged slip and fall.[6] Plaintiff's sole cause of action is negligence.[7] On June 27, 2024, Defendant removed this suit to this Court.[8]

On April 25, 2025, Defendant timely filed a motion for summary judgment, arguing there is no evidence in the record to support essential elements of Plaintiff's claim against it.[9] Under the Court's scheduling order, Plaintiff's deadline to oppose non-evidentiary pretrial motions, like Defendant's motion for summary judgment, was May 2, 2025.[10] On May 5, 2025, Plaintiff still had not submitted an opposition to Defendant's motion for summary judgment. The Court emailed all counsel on May 5, 2025 and sua sponte extended Plaintiff's deadline to oppose Defendant's motion for summary judgment to May 7, 2025, at 5:00 p.m.[11] Plaintiff did not meet this extended deadline.

On May 8, 2025, Plaintiff filed an unopposed motion for extension of time to oppose Defendant's motion for summary judgment.[12] The same day, the Court granted Defendant's motion for summary judgment as unopposed and denied Plaintiff's motion for extension of time as untimely.[13] Plaintiff seeks relief from this Court's May 8, 2025 Order and Reasons in which the Court granted summary judgment in Defendant's favor against Plaintiff.[14]

## **LEGAL STANDARD**

The Federal Rules of Civil Procedure do not expressly recognize motions for reconsideration.[15] However, "such motions may properly be considered either a Rule

---

[6] *Id.* at ¶ 4.
[7] *Id.* at ¶ 11.
[8] R. Doc. 1.
[9] R. Doc. 22; R. Doc. 22-1.
[10] R. Doc. 18 at p. 2.
[11] R. Doc. 30-4.
[12] R. Doc. 26.
[13] R. Doc. 27.
[14] R. Doc. 30; R. Doc. 28; R. Doc. 29.
[15] *Bass v. U.S. Dep't of Agric.*, 211 F.3d 959, 962 (5th Cir. 2000).

59(e) motion to alter or amend judgment or a Rule 60(b) motion for relief from judgment."[16] "If the motion is filed within 28 days of the judgment, then it falls under Rule 59(e). However, if the motion is filed more than 28 days after the judgment, but not more than one year after the entry of judgment, it is governed by Rule 60(b)."[17] Plaintiff's motion in this case was filed within 28 days of the Court's judgment and is therefore considered under Rule 59(e).

Courts have considerable discretion when evaluating the merits of a Rule 59(e) motion.[18] To prevail on a motion for reconsideration pursuant to Rule 59(e), the movant "must clearly establish either a manifest error of law or fact or must present newly discovered evidence[,] [which] cannot be used to raise arguments which could, and should, have been made before the judgment issued."[19] A motion for reconsideration "is 'not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of [the order].'"[20] "The Court is mindful that '[r]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly.'"[21] "When there exists no independent reason for reconsideration other than mere disagreement with a prior order, reconsideration is a waste of judicial time and resources and should not be granted."[22]

---

[16] *Hamilton Plaintiffs v. Williams Plaintiffs*, 147 F.3d 367, 371 n.10 (5th Cir. 1998).
[17] *Johnson-Luster v. Sec'y of Army*, No. 19-2235, 2022 WL 2116898, at *1 (E.D. La. June 13, 2022) (internal citations omitted) (first citing FED. R. CIV. P. 59(e); then *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990), *abrogated on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069, 1076 (5th Cir. 1994); and then FED. R. CIV. P. 60(b)).
[18] *See, e.g.*, *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002); *Baker v. Fedex Ground Package*, No. 04-3401, 2007 WL 3334387, at *1 (E.D. La. Nov. 7, 2007).
[19] *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003) (citations and internal quotation marks omitted).
[20] *Lacoste v. Pilgrim Int'l*, No. 07-2904, 2009 WL 1565940, at *8 (E.D. La. June 3, 2009) (quoting *Templet v. HydroChem Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004)).
[21] *Castrillo v. Am. Home Mortg. Servicing, Inc.*, No. 09-4369, 2010 WL 1424398, at *4 (E.D. La. Apr. 5, 2010) (alteration in original) (quoting *Templet*, 367 F.3d at 479).
[22] *Lightfoot v. Hartford Fire Ins. Co.*, No. 07-4833, 2012 WL 711842, at *3 (E.D. La. Mar. 5, 2012).

Courts in this district consider the following factors when applying Rule 59(e) standards:

(1) whether the movant demonstrates the motion is necessary to correct manifest errors of law or fact upon which the judgment is based;
(2) whether the movant presents new evidence;
(3) whether the motion is necessary in order to prevent manifest injustice; and
(4) whether the motion is justified by an intervening change in the controlling law.

## **LAW AND ANALYSIS**

Plaintiff argues that this Court should grant her motion and "vacate its prior judgment to permit full consideration of Plaintiff's opposition to Defendant's motion for summary judgment."[23] Plaintiff states that because Defendant's motion for summary judgment was set for submission on May 21, 2025, Plaintiff's counsel "and his staff were confused" as to the deadline for the opposition to Defendant's motion for summary judgment.[24] Plaintiff represents that he and "his office staff were simply inundated with overlapping litigation obligations that made completion of the opposition a near impossibility."[25] Plaintiff states her counsel's law office "experienced a brief power outage" on May 7, 2025 due to "rains and a severe thunderstorm" and that the power outage "made it impossible to retrieve files that were needed to complete Plaintiff's opposition."[26] Plaintiff argues the Court's deadline for responses/oppositions to non-evidentiary pretrial motions and motions in limine regarding the admissibility of expert testimony was "not sufficient to allow for adequate preparation and response to an extensive motion for summary judgment."[27] Based on these arguments, Plaintiff argues

---

[23] R. Doc. 30 at p. 5.
[24] *Id.* at p. 3.
[25] *Id.* at p. 4.
[26] *Id.* at pp. 2, 4.
[27] *Id.* at p. 4.

4

the Court's May 8, 2025 Order and Reasons is manifestly erroneous because it did not consider "the motion for leave to file an opposition late" and argues that "fair play,, [sic] substantial just [sic] warrants giving [Plaintiff] relief and that failure not to give her relief [sic] would be a grave in justice [sic]."[28]

In this case, Plaintiff cannot meet the manifestly erroneous standard or the manifest injustice standard. The Court's February 21, 2025 Amended Scheduling Order informed Plaintiff that her deadline for responses/oppositions to non-evidentiary pretrial motions and motions in limine regarding the admissibility of expert testimony was May 2, 2025.[29] Plaintiff knew her deadline to oppose Defendant's motion for summary judgment from the date the Court issued its Amended Scheduling Order on February 21, 2025, over two months before the deadline.[30] After Plaintiff failed to meet the deadline to oppose Defendant's motion for summary judgment, the Court, without prompt, generously extended Plaintiff's deadline to oppose Defendant's motion for summary judgment by two days.[31] Plaintiff missed this extended deadline as well.

Even if the Court reconsidered and vacated its prior ruling and considered the Plaintiff's Opposition to Defendant's Motion for Summary Judgment[32] and Statement of Disputed Material Facts,[33] the Defendant would be entitled to summary judgment. The Court's Scheduling Order requires that "[a] party opposing a motion for summary judgment must specifically respond to each statement of fact in the moving party's

---

[28] R. Doc. 30-1 at p. 9.
[29] R. Doc. 18 at p. 2.
[30] As one court put it, "[t]he scheduling order 'is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril.'" *VP Sales & Mfg., L.P. v. Guerra*, No. 2:22-00224, 2023 WL 8000316, at *9 (S.D. Tex. Sept. 8, 2023) (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992)). In any event, if Plaintiff were confused over her deadline to respond to Defendant's motion for summary judgement, she could have contacted chambers for clarification.
[31] R. Doc. 30-4.
[32] R. Doc. 30-9.
[33] R. Doc. 30-10.

statement of material facts by admitting or denying each statement."[34] Under Local Rule 56.2, "All material facts in the moving party's statement [of undisputed material facts] will be deemed admitted, for purposes of the motion, unless controverted in the opponent's statement." Plaintiff's opposition and statement of material disputed facts fail to specifically admit or deny any of the statements in the Defendant's Statement of Undisputed Facts. Because Plaintiff did not specifically admit or deny any of Defendant's statements of undisputed material facts, the Court assumes Defendant's statements of undisputed material facts are true.[35] Because Defendant's undisputed facts were not controverted, they are considered to be true and those facts establish Defendant's right to summary judgment.

Plaintiff in her opposition offers only general statements that factual disputes exist that should go to the jury and argues the Defendant has failed to provide summary judgment evidence to show that the aisles were properly monitored, the Wal-Mart employees properly inspected the aisles, the managers conducted an hourly or periodic inspection on the morning of the incident, that hazardous conditions were removed, that safety sweeps were done, that cones were placed in the aisles, that Plaintiff put the charcoal bag on the floor, and that Wal-Mart's overnight stockers did not put the charcoal bag on the floor.[36] As the Court stated in its Order and Reasons granting the motion for summary judgment,[37] if the dispositive issue is one on which the Plaintiff as the nonmoving party will bear the burden of persuasion at trial, the Defendant as the movant may satisfy its burden of production by either (1) submitting affirmative evidence that

---

[34] R. Doc. 7 at p. 5.
[35] LR 56.2; R. Doc. 7 at p. 5. The Court's May 5, 2025 email to all counsel extending Plaintiff's deadline to oppose Defendant's motion for summary judgment clearly reminded Plaintiff of this requirement.
[36] R. Doc. 30-9 at pp. 6-7.
[37] R. Doc. 27 at p. 8.

negates an essential element of the nonmovant's claim, or (2) demonstrating there is no evidence in the record to establish an essential element of the nonmovant's claim. The Plaintiff has failed to address the fact that, in this case, the Defendant proceeded under the second option and seeks summary judgment on the ground that the Plaintiff has no evidence to establish one or more essential elements of her claim. The Plaintiff argues the Defendant may proceed under this option only by providing "competent summary judgment evidence, such as affidavits, depositions, interrogatory answers, or other admissible materials,"[38] but the Plaintiff cites no support for this statement. In fact, the Defendant did attach summary judgment evidence to its summary judgment motion as Exhibits A – H and Leah Revies' Deposition.[39] The Plaintiff, as the nonmoving party, had the burden to defeat the motion for summary judgment by "calling the Court's attention to supporting evidence already in the record that was overlooked or ignored by the moving party."[40]

In conclusion, Plaintiff has not demonstrated that her motion is necessary to correct manifest errors of law or fact or that a denial of the instant motion will result in manifest injustice.[41] Plaintiff had ample notice of her deadline to oppose Defendant's motion for summary judgment and did not comply with the original or extended deadlines.[42] Further, while Plaintiff has now submitted proposed pleadings opposing Defendant's motion for summary judgment, Plaintiff did not specifically admit or deny

---

[38] R. Doc. 30-9 at p. 8.
[39] R. Doc. 22-1 through R. Doc. 22-10.
[40] *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).
[41] Plaintiff does not argue that there was a material intervening change in law or that Plaintiff wishes to present new evidence.
[42] Plaintiff's attempt to use the Court's "delayed" grant of additional time to respond to Defendant's motion for summary judgment as a reason for why this Court should grant Plaintiff's motion is troubling. R. Doc. 30-1 at p. 7. Plaintiff was not entitled to any notice that she missed a deadline, much less a sua sponte extension of the missed deadline.

Defendant's statements of undisputed material facts and, as a result, the Court assumes Defendant's statements of undisputed material facts to be true.

## **CONCLUSION**

**IT IS ORDERED** that the Plaintiff's Motion for Relief from Judgment[43] is **DENIED**.

New Orleans, Louisiana, on this 14th day of May, 2025.

*Susie Morgan*
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[43] R. Doc. 30.